# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 11-679V
(Filed:  September 22, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| AUDREY MCELROY, | * | UNPUBLISHED |
| | * | Special Master Dorsey |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Decision on Proffer; Damages; |
| SECRETARY OF HEALTH | * | Influenza (Flu); Urticarial |
| AND HUMAN SERVICES, | * | Vasculitis. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

<u>Donald Philip Edwards</u>, Law Office of Donald P. Edwards, Atlanta, GA, for petitioner.
<u>Lara Ann Englund</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On October 14, 2011, Audrey McElroy ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  The petition alleges that she developed urticarial vasculitis as a result of an influenza (flu) vaccine she received on October 15, 2008.  Petition at ¶ 4.

On April 2, 2012, respondent filed a Rule 4(c) Report stating that there "is insufficient scientific evidence to support a causal relationship between influenza vaccine and vasculitis,"

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

and thus "compensation is not appropriate in this case." Respondent's Report at 8.  However, the report also indicated that "respondent will not expend further resources to contest entitlement in this matter" and recommended that "future proceedings be scheduled to determine the type and amount of compensation that should be awarded in this case with respect to petitioner's condition." Id. at 8-9.

The Special Master assigned to this case at the time issued a Ruling on Entitlement on April 13, 2012, finding that petitioner provided sufficient evidence to issue a ruling in her favor. A damages order was entered on April 20, 2012.

On September 19, 2014, respondent filed a Proffer on Award of Compensation ("Proffer").  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner:

A.    **A lump sum payment of $223,039.45, in the form of a check payable to petitioner, Audrey McElroy**.  This payment represents compensation for life care expenses expected to be incurred during the first year after judgment ($16,571.46), pain and suffering ($200,000.00), and past reimbursable expenses ($6,467.99).

B.    **A lump sum payment of $633.32**, representing compensation for satisfaction of the State of Georgia Medicaid lien, **payable jointly to petitioner and Georgia Medicaid:**

> Georgia Department of Community Health
> P.O. Box 1984
> Atlanta, GA 30301-1984
> Attn: Ms. Yvette Dimmons
> Case No. 158258/0000235903

Petitioner agrees to endorse this payment to the Georgia Department of Community Health.

C.    An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer and the attachments to that Proffer.

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| AUDREY MCELROY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-679V |
| | ) | Special Master Nora Beth Dorsey |
| SECRETARY OF | ) | ECF |
| HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Items of Compensation**

     **A.     Life Care Items**

Respondent engaged life care planner Laura Fox, MSN, RN, CDDN, CNCLP, and petitioner engaged Charlyne Butler Raih, PT, DPT, MHS, MBA, to provide an estimation of Audrey McElroy's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the Chief Special Master's Ruling on Entitlement filed April 13, 2012.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Audrey McElroy, attached hereto as Tab A.[1]  Respondent proffers that Audrey McElroy should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1]  The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.      Lost Earnings

The parties agree that based upon the evidence of record, Audrey McElroy has not suffered a loss of earnings.  Therefore, respondent proffers that Audrey McElroy should not be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

C.      Pain and Suffering

Respondent proffers that Audrey McElroy should be awarded $200,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents Audrey McElroy's expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $6,467.99. Petitioner agrees.

E.      Medicaid Lien

Respondent proffers that Audrey McElroy should be awarded funds to satisfy the State of Georgia lien in the amount of $633.32, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Georgia may have against any individual as a result of any Medicaid payments the State of Georgia has made to, or on behalf of, Audrey McElroy from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about November 6, 2008, under Title XIX of the Social Security Act.

## II.   <u>Form of the Award</u>

The parties recommend that the compensation provided to Audrey McElroy should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $223,039.45, representing compensation for life care expenses expected to be incurred during the first year after judgment ($16,571.46), pain and suffering ($200,000.00), and past unreimbursable expenses ($6,467.99), in the form of a check payable to petitioner, Audrey McElroy.

B.  A lump sum payment of $633.32, representing compensation for satisfaction of the State of Georgia Medicaid lien, payable jointly to petitioner and

Georgia Department of Community Health
P.O. Box 1984
Atlanta, GA 30301-1984
Attn: Ms. Yvette Dimmons
Case No: 158258/0000235903

Petitioner agrees to endorse this payment to the Georgia Department of Community Health.

C.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

3

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Audrey McElroy, only so long as Audrey McElroy is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

---

a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

       2.       <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance

Company only so long as she, Audrey McElroy, is alive at the time that a particular payment is

due.  Written notice shall be provided to the Secretary of Health and Human Services and the

Life Insurance Company within twenty (20) days of Audrey McElroy's death.

       3.       <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**     **<u>Summary of Recommended Payments Following Judgment</u>**

    A.      Lump Sum paid to petitioner, Audrey McElroy:       **$ 223,039.45**
    B.      Reimbursement for Medicaid Lien:       **$     633.32**
    C.      An amount sufficient to purchase the annuity contract described
           above in section II. C.

                          Respectfully submitted,

                          JOYCE R. BRANDA
                          Acting Assistant Attorney General

                          RUPA BHATTACHARYYA
                          Director
                          Torts Branch, Civil Division

                          VINCENT J. MATANOSKI
                          Deputy Director
                          Torts Branch, Civil Division

                          ALTHEA W. DAVIS
                          Senior Trial Counsel
                          Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 307-3013

DATED:  September  18, 2014

**Appendix A:  Items of Compensation for Audrey McElroy**                    Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-Life |
|---|---|---|---|---|---|---|---|
| | | | | 2014 | 2015 | 2016 | 2017-Life |
| Medicare Supplement | 5% | | M | 1,555.08 | 1,555.08 | 1,555.08 | 1,555.08 |
| Rheuma-tology Eval at JH | 5% | * | | | | | |
| Dermatology | 5% | * | | 45.00 | 45.00 | 45.00 | 45.00 |
| Primary Care | 5% | * | | | | | |
| Rheumatologist | 5% | * | | | | | |
| IVIG | 5% | * | | | | | |
| Immunoglobulin | 5% | * | | | | | |
| Port Plmnt | 5% | * | | | | | |
| Lab Fees | 5% | * | | | | | |
| Lipid Panel, HgB A1C, Venipuncture | 5% | * | | | | | |
| Rx | 5% | | | 525.72 | 525.72 | 525.72 | 525.72 |
| Ice Gel Packs | 4% | | | 216.66 | 216.66 | 216.66 | 216.66 |
| Vasculitis Foundation Membership | 4% | | | 35.00 | 35.00 | 35.00 | 35.00 |
| Personal Assistance | 4% | | M | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 |
| Case Mngr | 4% | | M | 2,160.00 | 1,080.00 | 1,080.00 | 720.00 |
| Transport to Primary Care | 4% | | | 9.40 | 9.40 | 9.40 | 9.40 |
| Transport to Emory | 4% | | | 70.50 | 70.50 | 70.50 | 70.50 |
| Transport to Airport | 4% | | | 141.00 | | | |
| Transport to WalMart | 4% | | | 14.10 | 14.10 | 14.10 | 14.10 |
| Transport to Baltimore | 4% | | | 799.00 | | | |
| Home Mods | 0% | | | 5,000.00 | | | |
| Pain and Suffering | | | | 200,000.00 | | | |
| Past Unreimbursable Expenses | | | | 6,467.99 | | | |
| Medicaid Lien | | | | 633.32 | | | |
| Annual Totals | | | | 223,672.77 | 9,551.46 | 9,551.46 | 9,191.46 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($16,571.46), pain and suffering ($200,000.00), and past unreimbursable expenses ($6,467.99): $223,039.45.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the Georgia Department of Community Health, as reimbursement of the state's Medicaid lien: $633.32.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.